**KAZEROUNI LAW GROUP, APC**
Yana A. Hart, Esq. (SBN: 306499)
yana@kazlg.com
2221 Camino Del Rio S., Suite 101
San Diego, CA 92108
Telephone: 619-233-7770
Facsimile: 619-297-1022

*Attorneys for Plaintiff*
Lawrence Etah

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LAWRENCE ETAH,**<br><br>        **Plaintiff,**<br><br>v.<br><br>**AMERICAN RECOVERY SERVICE, INC.,**<br><br>        **Defendant.** | **Case No.:** 2:20-cv-08476<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>(1) **The Fair Debt Collection Practices Act, 15 U.S.C. 1692** *et seq.***; and**<br>(2) **The Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788,** *et seq.*<br><br>**Jury Trial Demanded** |

COMPLAINT                                                                                                    *Etah v. ARSI.*

**INTRODUCTION**

1.  Lawrence Etah ("Plaintiff") brings this Complaint against American Recovery Service, Inc. ("ARSI" or "Defendant") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and California's Rosenthal Fair Debt Collection Practices Act ("Rosenthal"), Cal. Civ. Code §1788 *et seq.* and alleges upon information and belief as follows:

2.  The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the FDCPA, to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3.  Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4.  While many violations are described below with specificity, this Complaint alleges violations of each statute cited in its entirety.

5.  Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

**JURISDICTION & VENUE**

6.  Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

7.  This action arises out of Defendant's violations of the Fair Debt Collection

Practices Act, 15 U.S.C. §§ 1692 *et seq*. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

8. Because Defendant conducts business within the State of California, personal jurisdiction is established.

9. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of Los Angeles, State of California, which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and (iii) Defendant conducted business within this judicial district at all times relevant.

## PARTIES & DEFINITIONS

10. Plaintiff is a "person" as that term is used in 15 U.S.C. § 1692 *et seq*., California Civil Code § 1788.2(h), and California Civil Code § 1785.3(b). Plaintiff is also a resident of Los Angeles County in the State of California.

11. Defendant is, and at all times mentioned herein, was a California corporation headquartered in Thousand Oaks, California. Defendant is authorized to and regularly conducts business within the State of California.

12. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due, as illustrated below. In doing so, Defendant uses instrumentalities of interstate commerce and the mail for the principal purpose of collecting debts. Therefore, Defendant is a "debt collector," as that term is defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c).

13. This matter involves a "consumer credit transaction" i.e. a transaction between Plaintiff and Defendant (or its predecessor), in which property or money was acquired on credit primarily for personal, family, or household purposes. *See* Cal. Civ. Code §§ 1788.2(e), 1788.2(f), 15 U.S.C. § 1692a(5), and 15 U.S.C § 1679a(2).

COMPLAINT                                                                 *Etah v. ARSI.*

14.  This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by California Civil Code § 1788.2(f) and 15 U.S.C. § 1692a(5).

## FACTUAL ALLEGATIONS

15.  Sometime prior to June 5, 2020, Plaintiff is alleged to have incurred certain financial obligations to the American Express Company, which were allegedly sold to Defendant for collection purposes (the "Debt").

16.  These allegedly incurred financial obligations were money, property, or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by 15 U.S.C. §1692a(5) and Cal. Civ. Code § 1788.2(f).

17.  Plaintiff retained a law firm, Kazerouni Law Group, in order to dispute the Debt.

18.  Plaintiff's attorneys sent by mail, email, and facsimile a cease and desist letter to Defendant on June 5, 2020, specifically directing Defendant only to contact Plaintiff's attorneys in relation to the Debt, and to cease all communications to Plaintiff. The letter also stipulated that if any prior consent existed for Defendant to contact Plaintiff personally, it was thereby revoked. The letter clearly indicated an address and telephone number which Defendant could use to reach Plaintiff's attorneys.

19.  On June 23, at 3:00 PM, Plaintiff received a call from (888) 395-2774.

20.  Plaintiff did not answer the call; however, he received a voicemail message from the (888) 395-2774 phone number.

21.  Plaintiff listened to the voicemail, in which a woman who identified herself as "Patricia" explained that she was attempting to collect a debt on behalf of ARSI

from Lawrence Etah and explained the procedure to call back in attempt to settle the Debt.

22. The voicemail evidenced that Patricia was attempting to collect a debt from Plaintiff on behalf of Defendant.

23. Further, if the number (888) 395-2774 is dialed, a recorded voice states: "thank you for calling American Recovery Service Incorporated."

24. Therefore, the June 23 call was placed on behalf of Defendant from a phone number controlled by Defendant with the intent to collect a debt from Plaintiff.

25. This call was placed in blatant disregard for the Cease and Desist letter Plaintiff's attorneys had faxed to Defendant over two weeks prior.

26. Plaintiff was frustrated when he received the June 23 voicemail because he was under the impression that Defendant was not entitled to contact him directly.

27. Defendant used harassing means and called Plaintiff on his personal cell phone, leaving a message containing personal and private information which was lawfully only to be communicated to Plaintiff's attorney.

28. As a result of Defendant's actions, Plaintiff experienced stress, frustration, and mental anguish.

### 15 U.S.C. § 1692c

29. The Rosenthal Act incorporates its federal counterpart, the FDCPA through Cal. Civ. Code § 1788.17. This incorporation includes 15 U.S.C. § 1692c, which states:

> without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt- … (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address" 15 U.S.C. § 1692c(a)(2).

30.  Defendant was made aware by Plaintiff's attorneys on June 5, 2020 that Plaintiff was represented by counsel, that Defendant was not authorized to communicate with Plaintiff in relation to the Debt or any other matter, and that any prior consent which may have existed was revoked. The June 5 letter clearly indicated the name and address of Plaintiff's attorneys.

31.  Therefore, Defendant violated 15 U.S.C. § 1692c(a)(2).

32.  Because the Rosenthal Act incorporates the relevant section of the FDCPA, for the above reasons, Defendant violated 15 U.S.C. § 1692c(a)(2) and Cal. Civ. Code §1788.17.

**CAUSES OF ACTION**

**Count I**

**Fair Debt Collection Practices Act (FDCPA)**

**15 U.S.C. §§ 1692 *et seq.***

33.  Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs above.

34.  The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

35.  As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

**Count II**

**Rosenthal Fair Debt Collection Practices Act (Rosenthal Act)**

**Cal. Civ. Code §§ 1788-1788.32**

36.  Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs above.

COMPLAINT                                                                 *Etah v. ARSI.*

37.     The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32.

38.     As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

### FIRST CAUSE OF ACTION

### FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 *et seq.*

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3); and
- Any other relief this Court should deem just and proper.

### SECOND CAUSE OF ACTION

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

### CAL. CIV. CODE §§ 1788-1788.32

- An award of actual damages pursuant to California Civil Code § 1788.30(a);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c); and

COMPLAINT                                                                 *Etah v. ARSI.*

1    •    Any other relief this Court should deem just and proper.

2    **DEMAND FOR JURY TRIAL**

3    39.    Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by

4    jury of any and all triable issues

5

6    **KAZEROUNI LAW GROUP, APC**

7    Date: September 16, 2020        By: _s/ Yana Hart_

8    Yana Hart, Esq.

9    *Attorneys for Plaintiff*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT                      *Etah v. ARSI.*